FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 FEB 16 PM 1: 21

U.S. DISTRICT COURT
N.D. OF ALABAMA

|  |  |  |
|---|---|---|
| LOAY ALI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-98-AR-0126-S |
| | ) | |
| DOCUMENT SOLUTIONS, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED

FEB 16 1999

**MEMORANDUM OPINION**

On January 19, 1999, the individual defendants in the above-styled case, Ken Grammer ("Grammer") and Jerome Wolter ("Wolter"), jointly filed a motion for summary judgment. Plaintiff, Loay Ali("Ali"), asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII"), alleging discrimination in employment on the basis of national origin and race. The motion for summary judgment seeks a dismissal of the action as against Grammer and Wolter only.

Plaintiff originally filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") solely against defendant Document Solutions, Inc. ("DSI"). After receiving a notice of right to sue from the EEOC, Ali timely filed the present action, naming DSI, Grammer, and Wolter as defendants.

17

Because Ali did not name Grammer and Wolter in his EEOC charge, his administrative remedies were not exhausted as against them, and therefore Grammer and Wolter are entitled to summary judgment on that ground alone.  Additionally, even if such administrative remedies had been exhausted, Grammer and Wolter are not proper defendants under Title VII, because "[t]he relief granted under Title VII is granted against the employer, not individual employees whose actions would constitute a violation of the Act."  *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).  Finally, plaintiff's counsel has informed the court telephonically that plaintiff concedes that the motion for summary judgment is due to be granted.

Accordingly, the motion for summary judgment is due to be granted.  A separate and appropriate order will be entered.

Done this 16th day of February, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE